UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61839-CIV-DIMITROULEAS

ANDIAMO TEAM, INC.,
a Florida corporation, and
MARCELLO MONICI, individually,

Magistrate Judge Rosenbaum

    Plaintiff,

vs.

ANDIAMO TEAM, INC.,
a New York corporation, and
THERESA DOYLE, individually,

    Defendant.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, MOTION TO TRANSFER VENUE

THIS CAUSE is before the Court upon the Defendants' Motion for Transfer of Venue, filed herein on December 19, 2007. [DE-7]. The Court has carefully considered the Motion, Defendants' arguments before the undersigned at a hearing on April 25, 2008, notes no Response to the Motion has been filed and Plaintiff failed to appear at the hearing[1], and is otherwise fully advised in the premises.

On December 19, 2007, the Defendants filed the instant Motion for Transfer of Venue, arguing that the United States District Court for the Eastern District of New York would be a more appropriate venue pursuant to 28 U.S.C. § 1404(a). [DE-6]. 28 U.S.C. § 1404(a) provides

---

[1]Plaintiff had filed a Response to the instant Motion on February 1, 2008 [DE-37], however that Motion was prepared and filed by Attorney Elliott Goldberg, who was later disqualified as counsel. Furthermore, Attorney Goldberg still had a pending Pro Hac Vice Motion before this Court at the time he was disqualified and thus had not yet been granted permission to appear before this Court. Though no Response by Plaintiff has been refiled and Plaintiff failed to appear at the Hearing on the Motion, the Court does not find that granting the Motion simply because it was unopposed to be warranted, given that Defendants still bear the burden under 28 U.S.C. § 1404 to demonstrate that transfer is appropriate.

that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  After determining whether the case could have been brought in the proposed forum, courts then consider a number of factors to determine whether transfer would be appropriate.  These factors include: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of witnesses through compulsory process (5) the cost of obtaining the presence of witnesses; and (6) the public interest.  See e.g., Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp., 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007); Thermal Techs., Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003); Miot v. Kechijian, 830 F. Supp. 1460, 1466 (S.D. Fla. 1993).  However, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981), cert. denied,  456 U.S. 918 (1982)).  The defendant bears the burden, when it is the moving party, to establish that there should be a change in forum.  Thermal Techs., 282 F. Supp. 2d at 1375; Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001).

According to Defendants, the balancing factors weigh in favor of transfer to New York. Defendants argue first that the involvement of Plaintiff Andiamo Team, Inc., the Florida corporation, ("Andiamo Florida") is a 'red herring' as it exists in name only, thus the action could have just as easily been brought in New York.[2]  They also assert that the only two

---

[2]Plaintiff Andiamo Team, Inc. (Andiamo Florida) and Defendants subsequently filed a Joint Motion for Voluntary Dismissal as to all claims involving Andiamo Florida, which this Court has granted.

witnesses to the factual events are Doyle, a New York resident, and Monici, an Italian citizen who could just as easily travel to New York as to Florida. Defendants further argue that public interest weighs in favor of transfer as Andiamo Florida remains open only due to the advice of Attorney Gore (formerly the attorney of Monici and Andiamo Florida, now disqualified from that representation in this case) and is a Florida corporation in registration only as it has no assets or business activity. In contrast, Defendant Andiamo Team, Inc., the New York corporation ("Andiamo NY") currently conducts business and it is thus in the public interest of New York to have jurisdiction.

However, Defendants' main arguments, and the only ones raised at the April 25th Hearing, are that New York is a far more convenient forum for Defendant Doyle. Shifting the inconvenience from defendant to plaintiff is not a sufficient basis to disturb a plaintiff's choice of forum. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). In addition, part of the rationale for granting the Motion to Disqualify Counsel was based on the fact that Attorney Gore had been present during the inception, development, and possible dissolution of Andiamo Florida, and thus might be a necessary witness. [DE-49]; see e.g., Toll Bros., Inc. v. Nationwide Prop. & Cas. Ins. Co., 2005 WL 2600207, *4 (E.D. Pa. Oct. 13, 2005) (indicating that party witnesses are presumed to be willing to testify in either forum therefore the focus should be on non-party witnesses' convenience). The convenience of witnesses and the ability to serve them through compulsory process is a factor to be weighed in determining whether transfer is appropriate. See e.g., Gould v. Nat'l Life Ins. Co., 990 F. Supp. 1354, 1357, 58 (M.D. Ala. 1998).

Therefore, at this time, the Court does not find that Defendants have met their burden to

3

establish that transfer is warranted.  Defendant Doyle essentially argues that it would be inconvenient to litigate and try this case in Florida.  However, it appears unlikely at this time that there will even be a trial in this matter, given Plaintiff Monici's failure to appear since the disqualification of his counsel and the Order Dismissing his Complaint issued this same day by the Court for a lack of prosecution[3].  As this was the only significant factor raised in the Motion and at the Hearing, and it relates to a possibility that might not even occur, the Court does not find sufficient grounds to grant the Motion.  Should the circumstances of this case change and trial appear imminent, Defendants will be permitted to re-file a Motion to Transfer Venue at that time.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Transfer of Venue [DE-7] is hereby **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida this 25th day of April, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[3]This case remains open due to Defendants' Counterclaims against Plaintiff Monici.

Copies furnished to:

Marcello Monici, pro se
c/o Andiamo Team, Inc.
2400 East Commercial Blvd.
Suite 709
Fort Lauderdale, FL 33308

Stephen C. Hunt, Esq.

Michael P. Hamaway, Esq.