UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61839-CIV-DIMITROULEAS

ANDIAMO TEAM, INC.,
a Florida corporation, and
MARCELLO MONICI, individually,

                                               Magistrate Judge Rosenbaum

    Plaintiff,
vs.

ANDIAMO TEAM, INC.,
a New York corporation, and
THERESA DOYLE, individually,

    Defendant.
_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF PROSECUTION**

THIS CAUSE is before the Court *sua sponte*.

A court has the inherent power to *sua sponte* dismiss a case for lack of prosecution. See Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962). A review of the court record herein reveals that Plaintiff Marcello Monici's claims raised in the above-styled cause are not at issue.[1] Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999) (affirming dismissal when plaintiff had continuously interfered with discovery process, ignored court orders, and failed to appear for a hearing); Clove v. Dollar General Store, 2006 WL 3518563, *2 (M.D. Fla. Dec. 6, 2006) (finding that Plaintiff demonstrated "complete lack of interest in participating in the prosecution of her claim," warranting dismissal).

---

[1] The Court notes that the Defendants have also filed counterclaims against Plaintiff Monici. [DE-5].

In the instant case, Plaintiff has demonstrated a lack of interest in prosecuting his claim. After a Hearing on February 15, 2008[2], Defendant Doyle's Motion to Disqualify Attorneys for the Plaintiffs [DE-10] was granted and the law firm of Gore, Bell, and Goldberg was disqualified [DE-49]. In the February 19th Order disqualifying Plaintiff's counsel, the Court indicated that Andiamo Florida, as a corporation[3], would need to obtain representation, though Monici, as an individual could represent himself. No attorney has entered an appearance on Monici's behalf, nor has Monici made any steps to represent himself by way of filings. However, on April 17, 2008, Attorney Michael Patrick Hamaway filed an appearance on behalf of Plaintiff Andiamo Inc., a Florida Corporation ("Andiamo Florida").[4] A Motion to Voluntarily Dismiss the claims involving Andiamo Florida was subsequently filed [DE-54], which this Court has granted this same day.

The February 19th Order also indicated that counsel was to be obtained in an appropriate amount of time to prepare for the rescheduled Hearing [DE-50] on Defendants' Motion to Transfer Venue [DE-7]. The Motion to Transfer Venue had been filed on December 19, 2007 and a Response by Plaintiffs was filed on January 24, 2008. However, this Response had been filed by Plaintiff's now-disqualified attorney. Plaintiff has not refiled any Response to the

---

[2]Plaintiff Monici did not appear at this hearing, he was represented by Counsel, Elliott D. Goldberg, a lawyer at the firm Defendant sought (and succeeded) to disqualify.

[3]Andiamo Team, Inc., as a corporation, cannot appear *pro se* and must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-86 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); Nat'l Indep. Theater Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F. 2d 602, 609 (11th Cir. 1985), cert. denied 471 U.S. 1056 (1985).

[4]The Motion indicated that the shareholders of Andiamo Florida (though not including Monici, who is the only other shareholder besides Defendant Doyle, according to the pleadings) had voted to hire an attorney and dismiss the claims in this lawsuit.

Motion. In addition, an Order to Show Cause [DE-52] was issued on April 8, 2008, as the parties had failed to comply with this Court's Scheduling Order to select a mediator [DE-43]. The Order indicated that the parties were to file a Response by April 22, 2008. No Response was filed. Furthermore, the Order to Show Cause, the Order Disqualifying Counsel, and the Order Resetting the Hearing on the Motion to Transfer, indicated that copies were being furnished to Plaintiff Monici at the only known address–which is that of the Gore, Bell & Goldberg firm. The Order to Show Cause was returned as "Undeliverable Mail." See Docket Entry of April 16, 2008 regarding the return of the Order to Show Cause [DE-52]. In the Order Disqualifying Counsel, the Court had noted that no other address for Plaintiff Monici had been provided in the pleadings, that the Complaint lists the principal address of Plaintiff Andiamo Team, Inc. as that of the firm, and that, therefore, that address would be used.[5] Plaintiff Monici has provided no other address to which Defendants or the Court may direct communications, filings, or orders. This, coupled with the lack of any responsive filings, the failure to respond to this Court's Order to Show Cause, and failure to appear at the scheduled April 25th Hearing demonstrate an apparent lack of interest in prosecuting the claims raised in the Complaint.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff Marcello Monici's Complaint [DE-1] is hereby **DISMISSED WITHOUT PREJUDICE**.

2) This case remains pending as to the Counterclaims by Defendants against Plaintiff Monici.

---

[5]Copies of this Order had been sent to Defendants' Counsel and the disqualified firm of Gore, Bell, & Goldberg, in addition to Plaintiff, care of the Gore firm.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida this 25th day of April, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Marcello Monici, pro se
c/o Andiamo Team, Inc.
2400 East Commercial Blvd.
Suite 709
Fort Lauderdale, FL 33308


Stephen C. Hunt, Esq.

Michael P. Hamaway, Esq.