UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61839-CIV-DIMITROULEAS/ROSENBAUM

ANDIAMO TEAM, INC.,
a Florida corporation, and
MARCELLO MONICI,
individually,

          Plaintiffs/Counter-Defendants,

v.

ANDIAMO TEAM, INC.,
A New York corporation, and
THERESA DOYLE, individually,

          Defendants/Counter-Plaintiffs.

_____/

## ORDER

This matter comes before the Court upon Defendants/Counter-Plaintiffs Andiamo Team, Inc., and Theresa Doyle's Motion to Compel Attorney Laurence D. Gore and the Law Firm of Gore, Bell & Goldberg, Former Counsel to the Plaintiffs, to Provide Certain Discovery. [D.E. 64]. The Court has reviewed the Motion to Compel, all filings submitted in support thereof and in opposition thereto, and the case file. Additionally, the Court heard oral argument on September 19, 2008, where counsel for Defendants/Counter-Plaintiffs and Attorney Laurence D. Gore and his counsel appeared. At the hearing, the Court ruled from the bench, granting the remaining aspect of Defendants/Counter-Plaintiffs' Motion to Compel and ordering the production of contact information for Plaintiff/Counter-Defendant Marcello Monici. This Order memorializes that ruling.

## <u>BACKGROUND</u>

Plaintiff/Counter-Defendant Andiamo Team, Inc., a Florida corporation ("Andiamo-FL"), was owned by Plaintiff/Counter-Defendant Marcello Monici and Defendant/Counter-Plaintiff Theresa Doyle. Attorney Laurence Gore performed legal work for Andiamo-FL. A few years after Andiamo-FL was incorporated, Defendant/Counter-Plaintiff Theresa Doyle arranged for the incorporation of Andiamo Team, Inc., a New York corporation ("Andiamo-NY").

Plaintiffs/Counter-Defendants Monici and Andiamo-FL then sued Defendants/Counter-Plaintiffs Doyle and Andiamo-NY relating to the opening and operation of Andiamo-NY. After Defendants/Counter-Plaintiffs removed the case to federal court, they filed a counterclaim against Plaintiffs/Counter-Defendants. *See* D.E. 5.

As Plaintiffs/Counter-Defendants were represented in the litigation by Attorney Gore, Defendants/Counter-Plaintiffs moved to disqualify Attorney Gore from representing Plaintiffs/Counter-Defendants, based on a conflict of interest arising from his pre-litigation representation of Andiamo-FL, during which time he had significant interaction with Defendant/Counter-Plaintiff Doyle, in the course of performing legal work for Andiamo-FL. D.E. 10. On February 19, 2008, the Court granted Defendants/Counter-Plaintiffs' motion to disqualify Attorney Gore. [D.E. 49]. To date, Monici has not retained new counsel in the pending case.

Plaintiff/Counter-Defendant Andiamo-FL and Defendants/Counter-Plaintiffs Doyle and Andiamo/NY filed a joint motion to dismiss with prejudice the Complaint by Andiamo-FL against Defendants/Counter-Plaintiffs and the Counterclaim by Defendants/Counter-Plaintiffs against Andiamo-FL. [D.E. 54]. The Court granted the motion and dismissed with prejudice the claims filed by Plaintiff Andiamo-FL against Defendants/Counter-Plaintiffs and the Counterclaim as it was filed

-2-

against Plaintiff/Counter-Defendant Andiamo-FL. [D.E. 56]. By separate order issued the same day, the Court also dismissed without prejudice the claims filed by Plaintiff Monici against Defendants/Counter-Plaintiffs, for lack of prosecution. [D.E. 58]. As a result, only Defendants/Counter-Plaintiffs' claims as they pertain to Monici remain in this case.

In furtherance of the prosecution of those claims, Counter-Plaintiffs served discovery on Attorney Laurence Gore. Attorney Gore responded and included among his responses objections to some of the requests, based on the attorney-client privilege. Counter-Plaintiffs and Attorney Gore subsequently resolved most of their disagreements, except for one. Specifically, Counter-Plaintiffs sought contact information for Monici so that they could continue the prosecution of their Counterclaim against him. As noted above, since the entry of the Order disqualifying Attorney Gore from representing Plaintiffs/Counter-Defendants in this matter, Monici has neither retained another attorney nor otherwise appeared in this matter.

Based on a concern that contact information for Monici might be subject to the attorney-client privilege, Attorney Gore declined to provide such information to Counter-Plaintiffs, in the absence of a court order requiring him to do so, citing Florida Bar Opinion 62-24 (Oct. 9, 1962). During the hearing on September 18, 2008, counsel for Attorney Gore represented on the record that there was nothing regarding Monici's address about which Monici sought legal advice from Attorney Gore. Rather, incidental to Attorney Gore's representation of Monici, Monici provided Attorney Gore with his address to facilitate communications between the two.

## DISCUSSION

The Court has reviewed Florida Bar Opinion 62-24 and finds it distinguishable from the instant facts. In Opinion 62-24, the Florida Bar considered the case of an attorney who had posed

a hypothetical question to the Internal Revenue Service ("IRS") on behalf of his client. Based on the IRS's opinion that the hypothetical client had committed a violation of federal law, the IRS sought the identity of the attorney's client. The Florida Bar opined that disclosing the client's identity to the IRS would violate ethics rules, essentially because it would breach the attorney-client privilege.

The Court finds the instant matter to be materially distinguishable from the facts set forth in Florida Bar Opinion 62-24. Here, Monici is at no known risk of governmental civil or criminal enforcement actions. Moreover, Monici is the one who filed the original suit in the instant matter. Thus, his identity is already known, and he already voluntarily submitted himself to the Court's jurisdiction. Finally, and most significantly, releasing Monici's contact information would not compromise his ability to obtain legal advice nor to benefit from it.

Nor does the attorney-client privilege otherwise protect Monici's contact information in this circumstance. The attorney-client privilege protects communications between a client and his attorney made in confidence and for the purpose of securing legal advice or assistance. *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994). At its heart, the attorney-client privilege is meant to encourage "full and frank communications between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). "The lawyer-client privilege rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." *Trammel v. United States*, 445 U.S. 40, 51(1980).

Because this is a diversity case, the Court applies the law of Florida in determining the

applicability of the privilege. *Bradt v. Smith*, 634 F.2d 796, 800 (5th Cir. 1981).[1] Fla. Stat. §90.502, which essentially codifies the common law relating to the attorney-client privilege, governs the attorney-client privilege in Florida.   Under Section 90.502, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client."   As is relevant here, the privilege may be claimed by the client or his attorney, but only on behalf of the client.   Fla. Stat. §90.502.  Florida courts have interpreted Fla. Stat. §90.502 to impose a burden on the party claiming the protection of the attorney-client privilege to demonstrate its applicability.  *See, e.g., Black v. State*, 920 So.2d 668, 671 (Fla. 5th D.C.A. 2006).

In this case, Counter-Plaintiffs seek the disclosure of Monici's contact information.  While the Court could find no Florida cases directly on point, the Court reviewed cases applying federal law where the courts discussed the applicability of the attorney-client privilege to a client's contact information.

*In re Bautista*, 2007 WL 4328802 (Bkrtcy. N.D. Cal. Dec. 10, 2007), involved a Chapter 7 trustee's attempt to obtain contact information for the debtor in the case from the debtor's family attorney.  The trustee obtained an order authorizing him to examine the debtor's attorney regarding current contact information from the debtor.  In response, the attorney objected, arguing that the information was presumptively protected from disclosure by the attorney-client privilege.  The court disagreed.  In reaching this conclusion, the court noted that information regarding a client's identity,

_____

[1]Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

the amount of fees, the identification of payment by case-file name, and the general purpose of the work performed are generally not protected from disclosure by the attorney-client privilege because such information "is preparatory or incidental to the attorney-client privilege, and is not provided 'in order to obtain legal advice.'" 2007 WL 4328802 at *2 (citing *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).  Reasoning that contact information is similarly "preparatory or incidental to, and not part of, information provided . . . for the purpose of obtaining legal advice," the court declined to find such information to be protected by the attorney-client privilege.  *Id.*; *see also Secs. & Exchange Commission v. Dowdell*, 2006 WL 3876294 (M.D. Fla. May 15, 2006) (ordering production of client contact information in response to attorney-client privilege objection).

The Court finds this reasoning to be instructive with respect to the case pending before the Court.  Like the courts in *Bautista* and *Dowdell* found, Monici did not provide Attorney Gore with his contact information "in the rendition of legal services to the client."  In other words, Monici's identity and contact information were not a subject about which Monici sought legal counsel.  Rather, he consulted Gore for the purpose of obtaining representation in the lawsuit against Andiamo-NY and Doyle.  As Gore's counsel conceded, Monici's address had no relevance to that representation except to enable Gore to communicate with Monici.  Accordingly, the Court found Monici's contact information to be incidental to Gore's representation of Monici and, therefore, not protected by the attorney-client privilege.

## CONCLUSION

For the foregoing reasons, Defendants/Counter-Plaintiffs' Motion to Compel [D.E. 64] as it relates to Monici's contact information was **GRANTED,** and the Court **ORDERED** Attorney

Gore to provide Monici's contact information to Defendants/Counter-Plaintiffs, which he did at the

September 18, 2008, hearing.

      **DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of September, 2008.

                                    ROBIN S. ROSENBAUM
                                    UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William P. Dimitrouleas
        Counsel of Record